UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 4:04-CR-56(1) |
| | § | |
| JUSTIN LANG | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On July 10, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Erin Martin. Defendant was represented by Denise Benson.

Defendant was sentenced on August 19, 2004 before the Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of False Statements, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of VI, was 18 to 24 months. Defendant was subsequently sentenced to 21 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; $100 special assessment; and restitution in the amount of $15,910.87. On January 18, 2006, Defendant completed his period of imprisonment and began service of the supervision term.

Pursuant to the *Booker* decision, Defendant was re-sentenced on March 2, 2006, and the original sentence was re-imposed by U.S. District Judge Richard A. Schell. The term of supervised release was revoked on November 2, 2006, and Defendant was sentenced to 10 months

imprisonment followed by an additional 26 months of supervised release, with special conditions to include financial disclosure; credit restrictions; drug aftercare; alcohol abstinence; no physical contact with his mother for first 12 months of supervised release; 120 days community confinement; and restitution in the amount of $15,910.87. On May 30, 2007, Defendant completed his period of imprisonment and began service of the second term of supervised release.

On June 26, 2007, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall notify the probation officer ten days prior to any change in residence or employment. Specifically, the Government alleges Defendant absconded from the Volunteers of America Comprehensive Sanction Center, in Hutchins, Texas, on June 13, 2007, at approximately 2:00 p.m.. At the conclusion of a disciplinary hearing the morning of June 13, 2007, Defendant was informed he would be unsuccessfully terminated due to violations of facility rules; however, he was explicitly instructed to remain at the facility on house arrest until the Court could be notified of his behavior, and a judicial decision was rendered.

2) Defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision. Specifically, the Government alleges on May 31, 2007, Defendant submitted to a Breathalyzer exam at the Volunteers of America Comprehensive Sanction Center and tested positive for the presence of alcohol. During a disciplinary hearing, Defendant verbally admitted to consuming alcohol given to him by a bus passenger while en route to the Comprehensive Sanction Center, after his release from the Federal Bureau of Prisons.

3) Defendant shall reside in a residential reentry center or similar facility, in a prerelease component, for a period of 120 days to commence upon release from confinement, and shall observe

the rules of the facility. Specifically, the Government alleges on June 13, 2007, Defendant was informed he would be unsuccessfully terminated from the Volunteers of America Comprehensive Sanction Center due to sending a threatening text message via a mobile phone. The disciplinary committee also considered the fact Defendant had committed other violations of facility rules by using alcohol and possessing a mobile phone.

The Court scheduled a revocation hearing July 10, 2007. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon the Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition. The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve months and one day with no term of supervised release to follow. The Court recommended this period of imprisonment include the 106 days of unserved community confinement.

The Court further recommended Defendant be ordered to pay restitution in the amount of $15,080.91. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of twelve months and one day, with no term of supervised release to follow.  It is further

**RECOMMENDED** that Defendant be ordered to pay restitution in the amount of $15,080.91 and that all criminal monetary penalties be imposed in this revocation as previously ordered in the final judgment, and that all payments collected be credited towards outstanding balances.

The parties were informed of the right to file objections to the recommendations as set forth above.  Both parties waived their objections.

**SIGNED this 10th day of July, 2007.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE